OPINION
Appellant Maurice Caver is appealing issues concerning a guilty plea he entered, in the Stark County Court of Common Pleas, on March 12, 1996. The following facts give rise to this appeal.
On August 10, 1995, a juvenile complaint was filed, in the Stark County Court of Common Pleas, Juvenile Division, against appellant charging him with delinquency through committing the criminal offense of felonious assault. At the time appellant committed this offense, he was seventeen years of age. The State of Ohio moved the juvenile court to bind the case over to the General Division of the Stark County Court of Common Pleas for prosecution of appellant as an adult.
The juvenile court conducted a probable cause hearing on September 14, 1995. The juvenile court issued a judgment entry on September 19, 1995, finding there was probable cause to believe appellant committed the charged offenses. The juvenile court conducted an amenability hearing in October of 1995. The juvenile court concluded appellant was not amenable to treatment and care in the juvenile system. The juvenile court relinquished jurisdiction and bound appellant's case over to the Stark County Court of Common Pleas.
On November 16, 1995, the Stark County Grand Jury indicted appellant on one count of attempted murder, with a firearm specification. Appellant entered a plea of not guilty, at his arraignment, and the trial court appointed counsel to represent him in this matter. On March 12, 1996, appellant changed his plea and pled guilty to the offense of attempted murder and the attendant firearm specification. The trial court sentenced appellant to an indeterminate term of incarceration of four to twenty-five years on the attempted murder charge and a mandatory consecutive three-year term of actual incarceration for the firearm specification.
Appellant filed a motion to withdraw his guilty plea on May 15, 1996. The trial court overruled appellant's motion on May 20, 1996. On July 10, 1996, appellant filed a pro se motion to dismiss challenging the validity of the indictment. The trial court denied this motion on August 15, 1996. On August 1, 1997, appellant filed a pro se motion for leave to file a delayed appeal. We granted appellant's motion and ordered the trial court to appoint counsel to prosecute the appeal. Appointed counsel filed an Anders brief and motion to withdraw as counsel. Appellant filed a pro se brief on his behalf. This Court must now determine whether Attorney Pitinii's request should be granted and whether to dismiss the instant appeal as wholly frivolous.
In Anders v. California (1967), 386 U.S. 738, the United States Supreme Court established five criteria which must be met before a motion to withdraw filed by appellate counsel may be granted:
 (1) a showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous;
 (2) a showing a motion to withdraw has been filed by appellant's counsel;
 (3) the existence of a brief filed by appellant's counsel raising any potential assignments of error;
 (4) a showing appellant's counsel provided to the appellant a copy of said brief; and
 (5) a showing appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address.
Upon a finding these criteria have been met, Anders explains:
 the court — not counsel-proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
We find the criteria established by the United States Supreme Court, in Anders, have been met. First, Attorney Pitinii represents to this Court, through his motion to withdraw and brief of possible issues for appeal, he has filed an Anders brief in this matter and finds no appealable issues regarding appellant's guilty plea; therefore, satisfying the first criteria. Next, appellate counsel filed two motions to withdraw: July 9, 1998 and November 13, 1998 and a brief of possible issues for appeal on July 9, 1998, which satisfies the second and third criteria. Further, the Certificate of Service indicates appellate counsel served appellant with a copy of the motion to withdraw and a copy of the brief containing possible issues for appeal, by regular U.S. Mail, which satisfies the fourth criteria. Finally, appellant was provided with an adequate opportunity to file a prose brief, which he did on September 28, 1998, thereby satisfying the fifth criteria.
After a full examination of all the proceedings, including appellant's pro se brief in which he sets forth ten assignments of error, we find this appeal to be wholly frivolous. The record is devoid of any legal points arguable on the merits. Although we acknowledge appellant's pro see brief, we note that appellant has not raised any assignments of error which would support this appeal.
Accordingly, Attorney Pitinii's request to withdraw is granted and the appeal is dismissed.
By: Wise, J., Gwin, P. J., concurs.
Hoffman, J., dissents.